UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW K. HACKER,<br><br>            Plaintiff,<br><br>   vs.<br><br>SPOKANE COUNTY SHERIFF'S OFFICE BUSINESS ADMINISTRATION, DR. CRISWELL KENNEDY, DEPUTY PANELL and JUDGE M. PRICE,<br><br>            Defendants. | NO.  CV-07-393-FVS<br><br>ORDER DISMISSING COMPLAINT<br><br>**1915(g)** |

By Order filed March 11, 2008, the court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. Plaintiff, a prisoner at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. Plaintiff did not comply with the court's directive and has filed nothing further in this action.

In his complaint, Plaintiff failed to allege any facts from which the court could infer a policy of the Spokane County Sheriff's Office Business Administration resulted in a violation of his constitutionally protected rights. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 (1978). He also failed to allege facts to lower the shield of absolute judicial immunity against

ORDER DISMISSING COMPLAINT -- 1

Defendant Judge M. Price.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

In addition, Plaintiff failed to allege facts from which the court could infer Defendant Panell acted unreasonably during Plaintiff's arrest on an unspecified date. *Graham v. Conner,* 490 U.S. 386, 388-96 (1989).  Finally, Plaintiff's allegations of a disagreement regarding the appropriateness of certain medical tests, did not show Defendant Dr. Kennedy was deliberately indifferent to his serious medical needs. *Hudson v. McMillian*, 503 U.S. 1, 9  (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Although granted the opportunity to correct these deficiencies, Plaintiff has not done so.  Therefore, for the reasons set forth above and in the court's previous Order, **IT IS ORDERED** the complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**.  **This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.**  The District Court Executive is directed to

ORDER DISMISSING COMPLAINT -- 2

enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this    21st    day of May 2008.

```
                    s/ Fred Van Sickle
                    FRED VAN SICKLE
            SENIOR UNITED STATES DISTRICT JUDGE
```

ORDER DISMISSING COMPLAINT -- 3